## A. B. Segur, etc., v. Hastings & Co., Inc.

*Foulkrod, Porter & Wadlinger*, for plaintiff.
*Mesirov & Leonards*, for defendant.

SMITH, P. J., November 1, 1951.—This case comes before the court on preliminary objections to a complaint in assumpsit. The complaint in assumpsit avers that "the plaintiff is now and at times hereinafter set forth, engaged in the business of an industrial engineer, doing business under the name of A. B. Segur & Company", etc.; that Hastings & Co., Inc., defendant, is a corporation engaged in the business of manufacturing gold leaf, etc.; that on or about October 1, 1948, plaintiff and defendant made an agreement in which plaintiff agreed "to develop the operation of cutting and booking gold leaf in your plant and train your operators therein. . . . We will leave with you all data and training directions which we may have discovered or developed during the progress of the project, for your use in further training and study. . . . Any follow-up work undertaken by your regular executive staff in the absence of our engineer from the plant. . . . We are to pay all salaries, travelling and other expenses of anyone we employ to work as engineers on the project. . . . In arriving at our charges for this work we will bill to the project all time and expenses at the following rates—Engineer on basis of 2 days/week $95.00/day."

The preliminary objections raise the question that:

"The plaintiff has failed to set forth a good cause of action in that he seeks to recover for engineering services rendered defendant at its plant in Pennsylvania by himself and another, but fails to aver that either of the persons who rendered such service was licensed and registered under Professional Engineers Registration Law at the time such service was rendered or was exempt from such licensure and registration."

The sole question is whether the services rendered by plaintiff, as described in the complaint, constitute

the practice of engineering as defined by the Professional Engineers Registration Law. There is no averment in the complaint that plaintiff was registered as an industrial engineer in Philadelphia or was exempt from such licensure and registration.

The Act of May 6, 1927, P. L. 820, 63 PS §132, defines professional engineer as follows:

"The term 'professional engineer,' as used in this act, shall mean a person who, through technical knowledge gained by education or by experience in one or more branches of engineering, including surveying, initiates, investigates, plans, and directs the control of the forces of and the utilization of the materials of nature, and of human activities in connection therewith, for the benefit of man, and who represents himself or herself to be such a professional engineer, either through the use of the term 'professional engineer,' with or without qualifying adjectives, or through the use of some other title implying that he or she is such a professional engineer."

The practice of engineering is defined in the Act of May 22, 1945, P. L. 913, sec. 2, 63 PS §149, as follows:

" 'Practice of Engineering' means the practice of the profession which engages in the application of mathematics and the physical sciences, and in the utilization of the forces, energies and materials of nature and in the measurement and delineation of the earth's surface, for the development, production and functioning of engineering processes, apparatus, machines, equipment, facilities, structures, works or utilities, or any combinations, or aggregations thereof, employed in or devoted to private enterprises or uses. Such practice includes consultation, investigation, research, surveys, planning, designing, direction, supervision and such other services or acts as are a necessary part of such practice. The term 'practice of en-

gineering' comprehends the practice of civil engineering, mechanical engineering, electrical engineering, mining engineering, chemical engineering, surveying or any constituent part or parts of these, or combination thereof, such as architectural engineering, ceramic engineering, industrial engineering, metallurgical engineering, petroleum and natural gas engineering, sanitary engineering and structural engineering, the pursuit of any of which affect life, health, or property, or the public welfare. Said practice also includes the doing of such architectural work as is incidental to the practice of engineering."

The purpose of plaintiff's agreement was to develop the operation of cutting and booking gold leaf in the plant of defendant and also training its employes in this art. Plaintiff as such admits that he is an industrial engineer and that he has special knowledge in instructing and guiding defendant in this specialty. The term industrial engineering as a profession comes within the provisions of the Act of May 23, 1945, P. L. 913, sec. 2. In the case of Howarth v. Gilman et al., 365 Pa. 50, 56, Mr. Chief Justice Drew held:

"For the word 'profession' connotes something more than mere skill in the performance of a task. It has been defined by the courts in numerous opinions, the most comprehensive of which may be found in U. S. v. Laws, 163 U. S. 258, and in Webster's New International Dictionary as: 'The occupation, if not purely commercial, mechanical, agricultural, or the like, to which one devotes oneself; a calling in which one professes to have acquired some special knowledge used by way either of instructing, guiding, or advising others or of serving them in some art'."

The court in that case further held:

"Since the 1927 Act, supra, is constitutional, plaintiffs have, by engaging in the practice of engineering

without registering in compliance with the Act, precluded themselves from recovery of the sums due under their contracts with defendants: F. F. Bollinger Co. v. Widmann B. Corp., supra. . . . [339 Pa. 289]

"That the courts will not lend their aid to enforcement of unlawful contracts which are founded upon transactions in violation of public policy declared by the legislature is unquestionably true".

We are of the opinion that plaintiff was engaged in the practice of industrial engineering contrary to law, and that defendant's remedy is by preliminary objections to the complaint in assumpsit: Ventre v. Standard Breaker Corp., 49 Lack. Jur. 152; Axler v. Forman, 39 D. & C. 702, 704.

*Decree*

And now, to wit, November 1, 1951, it is hereby ordered and decreed that defendant's preliminary objections are sustained.